Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - -X
CITIMORTGAGE, INC.,

                                    Plaintiff,

    -against-

EVERETTE WEAVER, LEOLA PAUL, NEW YORK CITY
TRANSIT AUTHORITY; TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and
unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien
upon the premises, described in the
complaint,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - -X

INDEX NO. 12830/09
Filed: 7/22/09

Plaintiff designates KINGS County as the place of trial situs of the real property

SUMMONS

To the above named Defendants

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) in the event the United States of America is made a party defendant, the time to answer for the said United States of America shall not expire until (60) days after service of the Summons; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                          **NOTICE**

                        **YOU ARE IN DANGER OF LOSING YOUR HOME**

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to the mortgage company will not stop the foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: June 29, 2009

        BERKMAN, HENOCH, PETERSON & PEDDY, P.C.
        Attorney for Plaintiff

BY: _____
        Gena Goldberger
        100 Garden City Plaza
        Garden City, NY 11530
        (516) 222-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - -X
CITIMORTGAGE, INC.,

INDEX NO. 12830/09
Filed: 7/22/09
VERIFIED COMPLAINT

                                  Plaintiff,

    -against-

EVERETTE WEAVER, LEOLA PAUL, NEW YORK CITY
TRANSIT AUTHORITY; TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and
unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in or
lien upon the premises, described in the
complaint,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

       The complaint of the above-named plaintiff, by BERKMAN, HENOCH, PETERSON & PEDDY, P.C., its attorneys, alleges:

       1.   That at all times hereinafter mentioned, plaintiff was and still is a domestic Corporation, organized and existing under the laws of the State of New York with its principal place of business at 60 Wall Street, New York, New York.

       2.   That on the 28th day of August, 2008 EVERETTE WEAVER, LEOLA PAUL, duly executed and delivered to ALL AMERICAN HOME MORTGAGE CORP. their note bearing the said date, wherein and whereby they promised to repay to ALL AMERICAN HOME MORTGAGE CORP.,

its successors or assigns, the principal sum of $654,675.00 with interest at the initial as set forth in said note. Said note contained a clause that Mortgage dated the same day as said note protects the note holder from possible losses which might result from failure to keep the promises made in said note. That the mortgage accompanying said note provided for the payment on said dates of an installment as estimated by the mortgagee for taxes, etc., and for payment of late charges in the event any payment becomes overdue for a period in excess of fifteen (15) days.

3. That to secure the payment of the sum represented by said note, EVERETTE WEAVER, LEOLA PAUL, duly executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ALL AMERICAN HOME MORTGAGE CORP., on the 28th day of August, 2008 their mortgage dated and acknowledged on that day whereby they mortgaged to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ALL AMERICAN HOME MORTGAGE CORP., its successors or assigns, the premises therein described as set forth more fully on Schedule A annexed.

TOGETHER with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, all as is more fully set forth in said mortgage.

4. That said mortgage was recorded in the office of the Register of the County of KINGS on the 10th day of September, 2008 in CRFN: 2008000359563 and the mortgage recording tax thereon was duly paid.

5. That said mortgage provided, among other things, that the total indebtedness shall become due at the option of the holder of the said mortgage after failure to keep any promise or agreement in the mortgage including the promise to pay when due the amounts owed to the lender under the note and under the mortgage.

6. That the said note and mortgage are now held by the plaintiff, having been assigned by assignment recorded in the office of the Register of the County of KINGS being the same mortgage which was assigned as follows:

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ALL AMERICAN HOME MORTGAGE CORP.

Assignee: CITIMORTGAGE, INC.

Dated: June 16, 2009

Said assignment is intended to be recorded in the office of the Register of the County of KINGS.

7. Plaintiff has complied with all conditions precedent contained in the mortgage, if any, including but not limited to, sending a notice to cure default to the mortgagors as set forth in the mortgage.

8. That the defendants have failed to comply with the terms, covenants and conditions of said note and mortgage by defaulting in the payment of:

1. $4,030.95    for principal, interest, plus installments for taxes, etc., which became due on the first day of January, 2009, and on the first day of each month thereafter.

all of which are unpaid for upwards of thirty (30) days.

9. That by reason of such defaults, the plaintiff, CITIMORTGAGE, INC., does hereby elect to declare the balance of the principal indebtedness immediately due and payable.

10. That there is now due and owing to the plaintiff, the principal sum of $652,801.73 with interest thereon from the 1st day of December, 2008 plus accumulated late charges together with any sums advanced by the plaintiff on behalf of defendant.

11. That to protect its security afforded by said bond or note and mortgage, it may be necessary for the plaintiff to pay taxes, assessments and water rates which are, or may become liens on the mortgaged premises, and any other charges for the protection of the premises, and plaintiff hereby demands that any amounts which may be so expended shall be added to the amount of the principal sum secured by said bond or note and mortgage, together with interest from the time of any such payment, and that the same be paid to the plaintiff from the proceeds of the foreclosure sale herein.

12. That the plaintiff alleges that no other proceedings have been had for the recovery of said sum so secured by said bond or note and mortgage or any part thereof.

13. That the said premises and title thereto are subject to the following:

a) The state of facts an accurate survey will show;

b) All covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof;

c) Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same;

e) The physical condition of any building or structure on the premises as of the date of closing hereunder;

f) Rights of tenants in possession, if any;

g) Prior mortgages and judgments, if any, now liens of record;

h) Right of Redemption of United States of America, if any;

i) Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

j) Any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and

k) Other conditions as set forth in the terms of sale more particularly to be announced at the sale.

14. That plaintiff further alleges that all the defendants have, or may claim to have, some interest in, or lien upon the mortgaged premises, or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the mortgage being foreclosed.

15. That plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the aforesaid bond or note and mortgage, and occurring prior to the discontinuance of this action are fully paid.

16. The terms of said mortgage provide that defendants shall be liable to plaintiff for reasonable attorneys fees incurred by plaintiff to protect or enforce plaintiff's security interest in the premises.

17. NEW YORK CITY TRANSIT AUTHORITY; TRANSIT ADJUDICATION BUREAU is named a party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by reason of the fact of any possible judgments, which judgments, if any, are subject and subordinate to the lien of plaintiff's mortgage being foreclosed and for no other reason.

Judgments are not annexed hereto since the docket books are missing from the County Registers office.

18.  The NEW YORK CITY ENVIRONMENTAL CONTROL BOARD named a party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by reason of the fact of any possible judgments, which judgments, if any, are subject and subordinate to the lien of plaintiff's mortgage being foreclosed and for no other reason.  Judgments are not annexed hereto since lien docket books are approximately two (2) months behind the actual City Register's indexing date.

WHEREFORE, plaintiff demands judgment that the defendants and each of them, and all persons claiming under them, or any of them subsequent to the commencement of this action and the filing of the Notice of Pendency thereof, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises; that said premises may be decreed to be sold in one parcel according to law subject to the various items set forth in allegation numbered "13" herein; that the monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said bond or note and mortgage as alleged herein, together with interest to the time of such payment, together with the sums expended by plaintiff prior to and during the pendency of this action, and for thirty days after any sale demanded herein for taxes, water rates, sewer rents, assessments, insurance premiums and other necessary and essential charges or expenses in connection therewith to protect the mortgage lien, plus any sums expended for the protection or preservation of the property covered by said mortgage and bond, and the amount secured thereby, with interest thereon from the time of such payment and the costs and expenses of this action including reasonable attorneys fees in the amount of $5,500.00 so far as the amount of such monies properly applicable thereto will pay the same; that the plaintiff be decreed to be the owner of any and all personal property used in connection with the said mortgaged premises; SUBJECT TO RIGHT OF REDEMPTION OF THE

UNITED STATES OF AMERICA; and that the defendant(s) EVERETTE WEAVER, LEOLA PAUL, may be adjudged to pay any deficiency which may remain after applying all of said monies so applicable thereto; and that plaintiff have such other and further relief or both, in the premises as shall be just and equitable.

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.
Attorney for Plaintiff

BY: _____
    Gena Goldberger
100 Garden City Plaza
Garden City, NY 11530
(516) 222-6200

VERIFICATION

Gena Goldberger, an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am associated with the firm of BERKMAN, HENOCH, PETERSON & PEDDY, P.C. the attorneys of record for the plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated on my own knowledge are books and records in my possession, conversations with officers or employees of plaintiff or its agents, and the public record.

The reason this verification is made by me and not by the plaintiff is that plaintiff's principal offices are located outside the county where our law offices are located.

Dated: June 29, 2009
Garden City, New York

_____
Gena Goldberger

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-58090-09 (File No. N/A)

## SCHEDULE A
## DESCRIPTION

### Block 1987 and Lot 3

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of Classon Avenue, distant 39 feet 6 inches Northerly from the corner formed by the intersection of the Northerly side of Madison Street with the Easterly side of Classon Avenue;

RUNNING THENCE Easterly parallel with Madison Street, and part of the distance through a party wall, 92.00 feet;

THENCE Northerly parallel with Classon Avenue, 19 feet 6 inches;

THENCE Westerly parallel with Madison Street and part of the distance through a party wall, 92.00 feet to the Easterly side of Classon Avenue;

THENCE Southerly along the Easterly side of Classon Avenue, 19 feet 6 inches to the point or place of BEGINNING.

**Premises known as 489 Classon Avenue, Brooklyn, New York**

CITIMORTGAGE, INC.,

Plaintiff,

-against-

EVERETTE WEAVER, ET AL.,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

Signature (Rule 130-1.1-a) 

Print name beneath  GENA GOLDBERGER

**BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.**
Attorney(s) for **Plaintiff**
Office and Post Office Address, Telephone
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530
(516) 222-6200
FAX: (516) 222-6209

To:

Attorney(s) for _____ Esq.

Service of a copy of the within

Dated, N.Y.,                    is hereby admitted:

Attorney(s) for

BLACKSTONE LEGAL SUPPLY
555 GREENWICH ST. • HEMPSTEAD, NY 11550 • (800) 632-2273

---

### NOTICE OF ENTRY

Sir : PLEASE TAKE NOTICE that the within is a true-certified-copy of a

duly entered in the office of the clerk of the within named court

on                20
Dated:            20

Yours, etc.

**BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.**
Attorney(s) for
Office and Post Office Address
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530

To:

Attorney(s) for

### NOTICE OF SETTLEMENT

SIR : PLEASE TAKE NOTICE that

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court
at
on the         day of            20
at                    M.
Dated:                           20

Yours, etc.

**BERKMAN, HENOCH,
PETERSON & PEDDY, P.C.**
Attorney(s) for
Office and Post Office Address
100 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530

To:

Attorney(s) for